UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GARCIA, David Pecina,<br>Defendant. | Case No. 5:20-cr-0080-BLF<br><br>**DETENTION ORDER FOLLOWING RE-OPENED HEARING** |

On February 18, 2020 the Government moved for detention of the Defendant, GARCIA, David Pecina, Defendant submitted on the issue of detention and Defendant was detained. Subsequently, Pretrial Services completed a Pre-Bail Report, and defense counsel requested that proceedings be re-opened. On March 9, 2020, the Court held a detention hearing in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f) to determine whether any condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community. The Court sets forth its findings of fact and conclusions of law as provided in 18 U.S.C. § 3142(i). The Court finds that detention is warranted because the Defendant poses a risk of nonappearance.

The Defendant was present at the detention hearing, represented by his attorney, Criminal Justice Act ("CJA") panel member Vicki Young. The Government was represented by Assistant U.S. Attorney Sarah Griswold. Officer Kim Do appeared for Pretrial Services.

The Defendant is charged by indictment in this District with felony counts in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(C) – Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; and Title 21, United States Code, Sections

841(a)(1) and (b)(1)(A(viii) -- Possession with Intent to Distribute and Distribution of 500 Grams and More of a Mixture Containing Methamphetamine.

As documented in the ECF records, GARCIA initially appeared February 18, 2020 and was arraigned on February 24, 2020. A pre-bail report prepared by Pretrial Services on March 6, 2020, recommends that GARCIA be detained as a flight risk.

The detention hearing was held publicly. Both parties were allowed an opportunity to call witnesses and to present evidence. Both parties presented their arguments by way of proffer through counsel. Both parties may appeal this detention order to the assigned trial judge, U.S. District Judge Beth Freeman.

### I. PRESUMPTIONS

The charged offense creates a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A).

### II. REBUTTAL OF PRESUMPTIONS

As reasoned below, the Court finds that Defendant has failed to satisfy his burden of production to rebut the presumption of detention.

### III. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows:

The Court adopts the facts set forth in the Pretrial Services Report, supplemented by information presented at the hearing. The Court finds that the Government has established by more than a preponderance of the evidence that the Defendant poses a risk of nonappearance that cannot be reasonably mitigated by any combination of conditions. The reasons for detention include the following: the weight of the evidence; Defendant's ties to a foreign country, as evidenced by his living in Mexico from 2009-2019 with his significant other and children; Defendant's limited ties to this district, as evidenced by his return to the District only on an undetermined date within in the past year; Defendant's lack of a suitable residence to return to upon release, his prior residence being where he lived with a co-defendant and that co-defendant having been released to that residence; the lack of either a viable surety or custodian, all proffered

individuals being of uncertain immigration status and/or unemployed; Defendant's criminal history, including a felony conviction on a drug-related charge, a conviction of illegal entry, and numerous removal proceedings spanning 2009-2017. At the hearing, defense counsel offered as mitigating factors the following: Defendant's significant other and children are now, as of an undetermined date in 2019, residing in the District with Defendant; Defendant's employer of 5 months would continue to employ Defendant; upon release, Defendant's significant other would find an alternative, but unspecified, residence for Defendant, herself and their children. The Court finds that these factors are not enough to overcome the presumption of risk of nonappearance, particularly but not exclusively considering Defendant's lengthy, recent, ties to a foreign country and the absence of a viable surety or custodian.

**IV.     DIRECTIONS REGARDING DETENTION**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

Dated: March 10, 2020

_____
SUSAN VAN KEULEN
United States Magistrate Judge